IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Gilberto Rivero (67170-004),　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Petitioner,　　　　)
　　　　　　　　　　　　　　　　　)　　Case No. 21 C 50081
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Hon. Iain D. Johnston
Andrew Ciolli, Warden,　　　　　　)
USP Thomson,　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　　　)

## MEMORANDUM OPINION AND ORDER

Petitioner Gilberto Rivero, a prisoner at USP Coleman I, brings this *pro se* habeas corpus

petition under 28 U.S.C. § 2241 challenging his 2004 sentence from the United States District

Court for the Southern District of Florida. He contends the Career Offender guideline under the

2001 United States Sentencing Guidelines was improperly applied in his case. For the reasons

discussed below, Rivero cannot satisfy 28 U.S.C. § 2255(e)'s savings clause. Section 2241 relief

is therefore unavailable. His habeas corpus petition (Dkt. 1) is denied.

## I.　BACKGROUND

### *Rivero's Trial and Direct Appeals*

Following a jury trial, Rivero was convicted of: (1) conspiracy to possess with intent to

distribute and attempted possession with intent to distribute five kilograms or more of cocaine in

violation of 21 U.S.C. § 846; (2) conspiracy to use and carry a firearm during a drug trafficking

crime in violation of 18 U.S.C. § 924(o); (3) use and carry of a firearm during and in relation to a

drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1). (R. 90.[1])

---

1 For clarity purposes, the Court will use the same designations utilized by the Government in the Response to
distinguish between the various criminal and civil case dockets related to Rivero's procedural history. Citations to

Before sentencing, a Presentence Investigation Report (PSR) was prepared by the United States Probation Office using the then-mandatory United States Sentencing Guidelines. (CVR. 22-1, pg. 1-25); *see also* United States Sentencing Commission, *Guidelines Manual* (Nov. 2001). The PSR determined Rivero qualified as a "career offender" under U.S.S.G. § 4B1.1 because his § 846 conviction constituted a "controlled substance offense," and he had two prior felony convictions for "crimes of violence.[2]" (CVR. 22-1, pg. 8-9.) His two predicate felonies included a 1996 Florida conviction for attempted burglary of an unoccupied dwelling and a 2000 Florida conviction for resisting with violence and battery on a law enforcement officer. *Id.* The career offender enhancement increased his total offense level from 32 to 37, and his criminal history category from a Level V to a Level VI. *Id.* at 8-9, 14. As a result, the applicable sentencing range under the Guidelines was 360 months to life. *Id.* at 25.

The sentencing court adopted the PSR's recommendations over Rivero's objections. (CVR. 27-2, pg. 10-12.) Rivero challenged the PSR on the ground that neither his attempted burglary conviction, nor his resisting an officer with arrest and battery conviction, qualified as a "crime of violence" under the Career Offender guideline. (R. 109); *see also* (CVR. 27-2, pg. 2-5, 8-10.) The

---

docket items in Rivero's criminal case docket, *United States v. Cantillo et al.*, No. 1:01-CR-377-JIC-4 (S.D. Fla.), are identified as "R" followed by the document number. Citations to docket items in Rivero's § 2255 cases, *Rivero v. United States*, No. 1:06-CV-22701-JIC (S.D. Fla), and *Rivero v. United States*, No. 1:16-CV-22761-JIC (S.D. Fla), are identified as "CV-DE" and "CV2-DE," respectively. Citations to docket items in the instant matter are identified as "CVR."

2  The Career Offender guideline applies to defendants whose offense of conviction is either a crime of violence or a controlled substance offense, who were at least 18 years old at the time they committed the offense, and who have at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. The 2001 Guidelines defined "crime of violence" as "any offense under federal or state law" that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2.

district court rejected Rivero's arguments and sentenced him to a prison term of 420 months followed by five years of supervised release. (R. 119); (CVR. 27-2, pg. 11-12.)

Rivero appealed his convictions and sentences arguing, in relevant part, that the sentencing court improperly classified him as a career offender by interpreting the term "crime of violence" to include attempted burglary. *See United States v. Gunn*, 369 F.3d 1229, 1238 (11th Cir. 2004). The United States Court of Appeals for the Eleventh Circuit rejected Rivero's sentencing challenge and affirmed all of his convictions except for his felon-in-possession conviction. *Id.* Although the Eleventh Circuit found "no merit in Rivero's objections to his sentencing," the case was remanded for resentencing in light of the vacatur of his felon-in-possession conviction. *Id.*

Rivero was resentenced in 2004. (R. 181.) At the resentencing, Rivero did not raise any new objections. *See United States v. Rivero*, 141 F. App'x 800, 801 (11th Cir. 2005). The sentencing court determined Rivero's offense level and criminal history category remained the same, thus resulting in the same Guidelines range as the initial sentencing of 360 months to life. *Id.* Rivero was sentenced to a prison term totaling 420 months: 360-month concurrent sentences for his § 846 convictions, a 240-month concurrent sentence for his § 924(o) conviction, and a consecutive 60-month sentence for his § 924(c) conviction. (R. 181.) Rivero challenged the imposition of the consecutive 60-month sentence, arguing the sentence should run concurrently with the others, but the sentencing court overruled his objection. *Rivero*, 141 F. App'x at 801.

On appeal of his resentencing, Rivero contended that the district court erred in not awarding him a downward departure under U.S.S.G. § 4A1.3 based on the alleged overrepresentation of his criminal history. *Id.* The Eleventh Circuit rejected this argument, holding that the only challenge Rivero raised at resentencing was his objection to the consecutive § 924(c) sentence and that he

failed to put the district court on notice that he was requesting a downward departure under U.S.S.G. § 4A1.3. *Id.* Additionally, the Eleventh Circuit concluded that Rivero did not present any evidence that the district court misapprehended its authority to depart downward, and his sentence was otherwise lawful and reasonable. *Id.* at 801-02.

### Rivero's Collateral Attacks on his Career-Offender Enhancement

In 2006, Rivero filed a *pro se* motion under 28 U.S.C. § 2255 challenging his convictions and sentences. (CV-DE. 1, 12.) His motion raised various ineffective assistance of counsel and Sixth Amendment claims, many of which challenged his career offender enhancement under the Guidelines. (CV-DE. 21) (summarizing the claims raised by Rivero in his initial and amended § 2255 motions). The district court denied his § 2255 motion on the merits. (CV-DE. 30.)

In 2015, Rivero sought leave to file a second or successive § 2255 motion after the Supreme Court in *Johnson v. United States*, 576 U.S. 591 (2015), struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague.[3] *See United States v. Rivero*, 797 F.3d 986, 988-89 (2015); *see also Johnson*, 576 U.S. at 597-606. Rivero argued that the rule in *Johnson* equally applied to the identically worded residual clause of U.S.S.G. § 4B1.2(a)(2), which provided "crimes of violence" include any felony "involv[ing] conduct that present[ed] a serious potential risk of physical injury to another," and that his attempted burglary conviction did not qualify as a predicate offense absent this clause.[4] *Rivero*, 797 F.3d at 988-89. The Eleventh

---

3 Before *Johnson*, the ACCA defined violent felony as one that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Johnson*, 576 U.S. at 593-94 (citing 18 U.S.C. § 924(e)(2)(B)) (internal quotation marks omitted) (emphasis in original).

4 In 2016, the United States Sentencing Commission adopted Amendment 798 eliminating the residual clause from the Career Offender guideline § 4B1.2 in light of *Johnson*. *See Bridges v. United States*, 991 F.3d 793, 799-800 (7th Cir. 2021). The amendment, however, does not apply retroactively so Rivero, who was initially sentenced in 2002 and resentenced in 2004, cannot obtain the benefit of the change. *United States v. Wurie*, 867 F.3d 28, 35 (1st Cir. 2017);

Circuit denied Rivero's application, holding *Johnson* did not establish a new rule of constitutional law made retroactive to cases on collateral review as is required to bring a second or successive motion under § 2255(h)(2). *See Rivero*, 797 F.3d at 988.

A year later, the Supreme Court decided *Welch v. United States*, 578 U.S. 120 (2016), and held the new rule of constitutional law announced in *Johnson* applied retroactively. 578 U.S. at 129-30. In light of this decision, Rivero, with the assistance of counsel, filed a second application for leave to file a second or successive § 2255 motion, again arguing *Johnson* invalidated his career-offender sentencing enhancement. *See* (CVR. 21-1) (*In re Gilberto Rivero*, No. 16-12578 (11th Cir. 2016)). The Eleventh Circuit concluded its precedent precluded Rivero from bringing a *Johnson*-based challenge to the mandatory Guidelines in a successive § 2255 motion. *Id.* (citing *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015) (holding *Johnson*'s vagueness doctrine did not apply to advisory Sentencing Guidelines); *In re Griffin*, 823 F.3d 1350, 1354-56 (11th Cir. 2016) (holding neither advisory nor mandatory Sentencing Guidelines can be challenged as unconstitutionally vague, and the Supreme Court did not make *Johnson* retroactive for purposes of successive § 2255 motions)). His application was therefore denied. (CVR. 21-1.)

A few weeks after the Eleventh Circuit's denial, the Supreme Court granted certiorari to determine whether *Johnson*'s vagueness holding applied to the Guidelines' residual clause. *See Beckles v. United States*, 579 U.S. 927 (2016). In *Beckles*, the Supreme Court held that the Guidelines, which had been declared advisory in *United States v. Booker*, 543 U.S. 220, 245 (2005), were not subject to void-for-vagueness challenges under *Johnson* and, therefore, the

---

*United States v. Raymonde*, 858 F. App'x 263, 265 n.4 (10th Cir. 2021) (non precedential opinion).

Guidelines' residual clause was not unconstitutionally vague. *Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

During *Beckles* pendency, Rivero filed a third, counseled application for leave to file a second or successive § 2255 motion. *See* (CVR. 21-2) (*In re Gilberto Rivero*, No. 16-14370-J (11th Cir. 2016)); (CV2-DE. 1.) Other than mentioning that *Beckles* was then pending before the Supreme Court, the issues raised in his third application were identical to those raised in his second application. (CVR. 21-2, pg. 1.) Because his claims had already been rejected on the merits, the Eleventh Circuit denied his application. (CVR. 21-2, pg. 2) (citing *In re Baptiste*, 828 F.3d 1337, 1341 (11th Cir. 2016) ("where we have already denied an application for leave to file a second or successive motion under § 2255 on the merits, we are required by statute and our caselaw to reject a subsequent application raising the same claim")).

In 2020, Rivero again sought leave to file a second or successive § 2255 motion, this time arguing his § 924(c) and § 924(o) convictions were no longer valid following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *In re Gilberto Rivero*, No. 20-14046-F (11th Cir. 2020). In *Davis*, the Supreme Court held the definition of violent felony under the residual clause of § 924(c) was unconstitutionally vague. 139 S. Ct. at 2336. Rivero, however, was convicted of possession of a firearm in furtherance of drug trafficking crimes, not a crime of violence. The Eleventh Circuit therefore rejected Rivero's argument that *Davis* invalidated his § 924(c) conviction and sentence, and denied his application for leave to file a second or successive § 2255 motion. *In re Gilberto Rivero*, No. 20-14046-F (11th Cir. 2020).

## II.     PETITIONER'S 28 U.S.C. § 2241 PETITION

Following his transfer to USP Thomson, Rivero filed the instant § 2241 petition.[5] (CVR. 1.) His petition once again challenges his career offender designation under the Guidelines. He raises two grounds for relief. First, Rivero claims that he is entitled to relief based on the Seventh Circuit's decision in *Cross v. United States*, 892 F.3d 288, 304-06 (7th Cir. 2019), which held defendants sentenced under the mandatory Guidelines may bring *Johnson*-based challenges to the Career Offender guideline. (CVR. 1, pg. 7-12). Second, Rivero contends his § 846 convictions are "insufficient" to sustain his career offender designation because they do not "categorically qualify" as "controlled substance offense[s]" within the meaning of U.S.S.G. § 4B1.2(b). *Id.* at 12. He argues that he is entitled to § 2241 relief because, absent the career offender enhancement, his Guidelines sentencing range would be 151 to 188 months. *Id.* at 12. For the following reasons, Rivero cannot satisfy § 2255(e)'s savings clause and, therefore, cannot pursue habeas corpus relief under § 2241.

## III.    ANALYSIS

"As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)). However, if § 2255 is "inadequate or ineffective to test the legality of his detention," a federal prisoner may petition for habeas corpus relief under § 2241 in the district of incarceration. *Id.* (citing 28 U.S.C. § 2255(e)—commonly called the "savings clause").

---

5 The petition is properly before this Court as a § 2241 petition must be filed in the district of a prisoner's incarceration. *Webster v. Daniels*, 784 F.3d 1123, 1144 (7th Cir. 2015) (en banc) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)). Rivero's subsequent transfer from USP Thomson (he is presently in a Bureau of Prisons' facility in Florida), does not deprive the Court of jurisdiction over this case. *In re Hall*, 988 F.3d 376, 378-79 (7th Cir. 2021).

In addressing the meaning of § 2255(e)'s "inadequate or ineffective" language, the Seventh Circuit has focused on "'the essential function of habeas corpus' and 'whether it is impaired … by the limitations on the use of the remedy provided in [§] 2255.'" *Franklin v. Keyes*, 30 F.4th 634, 642 (7th Cir. 2022) (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). Under § 2255, federal prisoners are limited to only one motion and cannot bring a second motion unless they can satisfy § 2255(h)'s requirements (new evidence of actual innocence or a new, retroactive rule of constitutional law). 28 U.S.C. § 2255(h). The Seventh Circuit has thus interpreted § 2255(e) as resolving the "glitch" of § 2255(h)(2) only applying to constitutional claims by allowing statutory claims to proceed in a § 2241 proceeding. *Brown v. Caraway*, 719 F.3d 583, 587 n.1 (7th Cir. 2013) (citing *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008)); *see also Chazen*, 938 F.3d at 863-64 (Barrett, J., concurring). To access § 2241 habeas corpus review through § 2255(e)'s savings clause, the prisoner must demonstrate: "(1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive § 2255 motion; (2) the [prisoner] could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022) (citing *Davenport*, 147 F.3d at 610-11) (this three-part test is commonly known as "the *Davenport* factors").

The Seventh Circuit's approach, however, is not without controversy. *See id.* Indeed, the Eleventh Circuit has expressly considered *Davenport* and declined to adopt its test. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1084-85 (11th Cir. 2017) (en banc). Instead, the Eleventh Circuit interprets § 2255 as being "inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim," i.e.,

8

claims that are not cognizable under § 2255 or that cannot be remedied under § 2255 at all. *Id.* at 1092, 1099. Ordinary sentencing challenges do not fall within this standard, even if such challenges were once foreclosed by circuit precedent. *Id.* at 1085-86, 1092. Rather, the Eleventh Circuit holds that "a motion to vacate remains an adequate and effective remedy for a prisoner to raise [such a] claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *Id.* at 1099.[6]

Both parties recognize the significant differences between the Seventh Circuit's (Rivero's circuit of incarceration) and the Eleventh Circuit's (Rivero's circuit of conviction) approaches to § 2241 relief under § 2255(e), as well as the complex procedural questions that the savings clause raises. Rivero argues that "now that [he] is incarcerated outside the Eleventh Circuit," Seventh Circuit jurisprudence applies and § 2241 relief is available because he satisfies the *Davenport* test. (CVR. 1, pg. 9; CVR. 27, pg. 1-5.) The Government, on the other hand, argues that the law of the Eleventh Circuit remains applicable; not the law of Rivero's "fortuitous location of [] confinement." (CVR. 21, pg. 8) (citing *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001)). The Seventh Circuit has acknowledged the complexity that this "choice-of-law conundrum" presents, but has not provided a definitive answer on the issue. *See Franklin*, 30 F.4th at 644 (citing *Guenther v. Marske*, 997 F.3d 735, 743 (7th Cir. 2021)); *see also Mangine*, 39 F.4th

---

6 The Government preserves a challenge to the Seventh Circuit's approach in the Response, arguing that permitting federal inmates to bring retroactive, statutory claims subverts the original aims of § 2255 as enacted by Congress. (CVR. 21, pg. 14-18.) The Government agrees with the Eleventh Circuit's savings clause approach and maintains that § 2255 is "inadequate or ineffective" only when it cannot remedy a particular category of claims. *Id.* at 14 (citing *McCarthan*, 851 F.3d 1076). The Supreme Court will hear argument on a circuit split regarding the availability of § 2255(e)'s savings clause to allow statutory interpretation claims to be raised under § 2241. *See Jones v. Hendrix*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, No. 21-857, —— U.S. ——, 142 S. Ct. 2706 (U.S. May 16, 2022). The Court need not hold the resolution of this case as Petitioner's claims are meritless regardless of the Supreme Court's resolution of *Jones*. *See Mangine*, 39 F.4th at 447.

at 447 (citing *Chazen*, 938 F.3d at 864-86) (Barrett, J., concurring)). Regardless of which approach applies, however, Rivero cannot prevail.

**A.    Rivero's Challenge to his Attempted Burglary Conviction as a Predicate Felony under the Career Offender Guidelines' Residual Clause**

**1.    Rivero Cannot Prevail Under the Seventh Circuit's *Davenport* Framework**

Rivero's first challenge to his career offender designation relies on *Cross* wherein the Seventh Circuit, applying the logic of *Johnson*, invalidated the residual clause in the Career Offender guideline and held the ruling applied retroactively to federal prisoners sentenced pre-*Booker*. 892 F.3d at 306-07. Rivero, who was resentenced a few months before *Booker* announced that the Sentencing Guidelines are advisory, contends that, without the residual clause, he does not qualify as a career offender under the Guidelines because his attempted burglary offense does not fall within the definition of "crime of violence" absent this clause. (CVR. 1, pg. 7-12, 14.)

To pursue relief under § 2241 by way of § 2255(e)'s savings clause, Rivero must "rel[y] on not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a [§ 2255(h)(2)] motion." *Higgs v. Watson*, 984 F.3d 1235, 1239 (7th Cir. 2021) (internal quotation marks and citations omitted) (alterations in original). It is undisputed that *Johnson* announced a new rule of constitutional law. *See Welch*, 578 U.S. at 128-30 ("By striking down the residual clause as void for vagueness," *Johnson* changed the reach of the ACCA and established a new substantive rule of constitutional law); *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson* rests on the notice requirement of the Due Process Clause of the Fifth Amendment, and thus the new rule that it announces is one of constitutional law.") Because § 2255 is available for constitutional challenges, Rivero cannot raise a void-for-vagueness attack against

his career-offender enhancement in a § 2241 petition. *Higgs*, 984 F.3d at 1240.

Rivero's reliance on *Cross* does not alter this conclusion. *Cross* examined *Johnson*'s vagueness doctrine and determined the Guidelines' residual clause, as applied to defendants sentenced pre-*Booker*, suffered from the same "indeterminancy" concerns (i.e., "providing notice and preventing arbitrary enforcement") as those raised by the Supreme Court when striking down ACCA's residual clause as unconstitutional. 892 F.3d at 299-306. The Seventh Circuit concluded the rule in *Johnson* should be treated as a new substantive rule of *constitutional* law when applied to mandatory Guidelines challenges because "[j]ust as excising the residual clause from the ACCA changed the punishment associated with illegally carrying a firearm, striking down the residual clause in the mandatory guidelines changes [defendants'] sentencing range" and "narrows the set of defendants punishable as career offenders for the commission of any number of crimes." *Id.* at 306-07. Accordingly, the Seventh Circuit held the *Johnson* ruling applied retroactively, "authorizing relief under § 2255" for federal prisoners whose sentence was determined by the residual clause in the Career Offender provision under the mandatory Guidelines. *Daniels v. United States*, 939 F.3d 898, 900 (7th Cir. 2019) (citing *Cross*, 892 F.3d at 299-304).

Because *Johnson* is a constitutional case and because § 2255 is available for constitutional challenges, "there is [nothing] structurally 'inadequate' or 'ineffective' about § 2255 as a remedy" that would open the door for Rivero to pursue § 2241 relief by way of § 2255(e)'s savings clause. *Higgs*, 984 F.3d at 1240. "That [Rivero] did not [or could not] succeed with [his] request" to raise a *Johnson*-based challenge in the Eleventh Circuit "does not itself show that § 2255 was inadequate or ineffective." *Id.* Rivero litigated his *Johnson* claim in the Eleventh Circuit and lost. "The Supreme Court of the United States, not another court of appeals, is the right forum for his

argument" that the Eleventh Circuit erred. *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018).

Recognizing that he cannot rely on *Johnson* or *Cross* to access § 2255(e)'s savings clause, Rivero's reply brief makes no mention of either case. Rather, he turns to the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008) *abrogated by Johnson v. United States*, 576 U.S. 591 (2015), arguing that this Supreme Court decision shows that he is "actually innocent" of being a career offender because his attempted burglary conviction does not qualify as a "crime of violence" under the Guidelines. (CVR. 27, pg. 3.) Rivero, however, has waived this argument because he presents it for the first time in his reply brief. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *see also Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). In any event, the swap from *Johnson* to *Begay* is unavailing. *Johnson* "explicitly overrule[d] the line of Supreme Court decisions that began with *Begay*." *Price*, 795 F.3d at 732.

In sum, Rivero's argument is predicated on the Seventh Circuit's extension of *Johnson* to the residual clause under the mandatory Guidelines. *See Cross*, 892 F.3d at 291. But *Johnson* is a constitutional case, and therefore cannot serve as the basis of a § 2241 petition. *See Higgs*, 984 F.3d at 1239-40; *see also Barnes v. Werlich*, No. 16-CV-1180-DRH, 2018 WL 4504464, at *2 (S.D. Ill. Sept. 20, 2018). Rivero therefore cannot satisfy *Davenport*'s criteria to pursue this claim in a § 2241 petition.

### 2. Rivero's Claim Fails under the Eleventh Circuit's *McCarthan* Standard

Nor, as Rivero acknowledges in his habeas corpus petition, can he prevail under Eleventh Circuit precedent. *See* (CVR. 1, pg. 8-9.) As noted above, the Eleventh Circuit recognizes the availability of § 2255(e)'s savings clause only in limited circumstances where a motion to vacate

"cannot remedy a particular kind of claim," e.g., when a prisoner seeks to challenge the execution of his sentence, when the sentencing court is unavailable or has been dissolved, or when "practical considerations (such as multiple sentencing courts) might prevent a petitioner from filing a [§2255] motion." *McCarthan*, 851 F.3d at 1092-93, 1099. Rivero does not challenge the execution of his sentence, but rather brings an "ordinary sentencing challenge" to the legality of his career offender enhancement. *See id.* at 1092. "Therefore, § 2255, not § 2241, is the appropriate statutory vehicle for [Rivero's] claim." *Pearson v. Warden, FCC Coleman - Medium*, No. 5:20-CV-283-J-34PRL, 2020 WL 3490180, at *1 (M.D. Fla. June 26, 2020); *see also McCarthan*, 851 F.3d at 1085, 1092. "That [the] court [] reject[ed] [Rivero's] argument does not render his 'remedy by motion' an inadequate 'means by which' to challenge the legality of his sentence." *McCarthan*, 851 F.3d at 1086. Rivero therefore is not entitled to pursue § 2241 relief under the Eleventh Circuit's *McCarthan* standard.

### B. Rivero's Challenge to the Qualification of his § 846 Conviction as a Controlled Substance Offense under the Guidelines

Rivero also attacks his career offender designation on the ground that his § 846 conviction for conspiracy to possess with intent to distribute a controlled substance does not "categorically qualify" as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) because it is not a "substantive drug offense" but rather an inchoate offense that "criminalizes merely talking about a controlled substance." (CVR. 1, pg. 12.)

Rivero does not cite to any authority in support of this argument, nor does he expand further on this claim in his reply brief. *Id.*; (CVR. 27.) Instead, his reply brief focuses solely on his argument related to his attempted burglary conviction. (CVR. 27.) Because Rivero has not demonstrated that this claim relies on a statutory-interpretation case that applies retroactively to

cases on collateral review, he cannot satisfy the Seventh Circuit's *Davenport*'s framework to present the claim in a § 2241 petition under § 2255(e)'s savings clause. *Mangine*, 39 F.4th at 447; *Davenport*, 147 F.3d at 611-12. Equally, his claim fails under the Eleventh Circuit's savings-clause standard because this claim once again involves an "ordinary sentencing challenge." *McCarthan*, 851 F.3d at 1092.

Moreover, Rivero's only, unsupported argument is that his § 846 conviction should not qualify as a "controlled substance offense" because it is a conspiracy drug offense, rather than the substantive offense itself. The Guidelines define "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits…the possession of a controlled substance…with intent to manufacture, import, export, or dispense." U.S.S.G. § 4B1.2. As explained in Application Note 1, the definition includes the inchoate offenses of "aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2, cmt. n.1. The Seventh Circuit and Eleventh Circuit agree that "§ 4B1.2's Application Note 1 is authoritative and that 'controlled substance offense' includes inchoate offenses." *United States v. Smith*, 989 F.3d 575, 585 (7th Cir.), *cert. denied*, 211 L. Ed. 2d 295, 142 S. Ct. 488 (2021) (collecting cases); *see also Untied States v. Lange*, 862 F.3d 1290, 1294 (11th Cir. 2017) ("[Application Note 1] constitutes 'a binding interpretation' of the term 'controlled substance offense.'") (quoting *United States v. Smith*, 54 F.3d 690, 693 (11th Cir. 1995)).

So, Rivero's conviction for a conspiracy drug offense does not remove his conviction from the purview of "controlled substance offense" under the Guidelines." *See United States v. Pridgeon*, 853 F.3d 1192, 1199 (11th Cir. 2017) ("in *Weir*, this Court held that a conviction for

conspiracy to possess with intent to distribute marijuana is a 'controlled substance offense' under the career offender guideline"); *United States v. Weir*, 51 F.3d 1031, 1032 (11th Cir. 1995) ("common sense dictates that conspiring to distribute drugs constitutes a controlled substance offense") (citations omitted); *see also Smith*, 989 F.3d at 586 (an "§ 846 conspiracy conviction is thus a valid predicate offense under § 4B1.1…"). As noted above, Rivero does not present any authority to the contrary. His argument is therefore unavailing and does not satisfy either the Seventh Circuit or the Eleventh Circuit's test for bringing this claim in a § 2241 petition.[7]

For these reasons, Rivero is not entitled to § 2241 habeas corpus relief. His petition is denied.

## IV.    NOTICE OF APPEAL RIGHTS

Rivero is advised that this is a final decision ending his case in this Court. If Rivero wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B). Rivero need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Rivero wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after

---

7 It should be noted that Rivero's claim challenged only his § 846 conspiracy conviction. But he was also convicted of attempted possession with intent to distribute in violation of § 846, which itself qualifies as a "controlled substance offense" under the Guidelines. *See United States v. Roper*, 842 F. App'x 477, 478 (11th Cir. 2021) (non precedential opinion); *United States v. Williams,* 718 F. App'x 890, 896 (11th Cir. 2017) (non precedential opinion).

15

entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## V.  CONCLUSION

Rivero's § 2241 petition (Dkt. 1.) is denied. Any other pending motions are denied as moot. The Clerk is instructed to enter a Rule 58 judgment in favor of Respondent and against Petitioner. Civil Case Terminated.

ENTERED:

Dated:  September 30, 2022

_____

IAIN D. JOHNSTON
United States District Judge

16